**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 21 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WASHINGTON CATTLEMEN'S ASSOCIATION; et al., _____ <br><br> WASHINGTON CATTLEMEN'S ASSOCIATION; et al., <br><br>   Petitioners, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND, <br><br>   Respondent, <br><br> CENTER FOR BIOLOGICAL DIVERSITY; et al., <br><br>   Real Parties in Interest. | No. 22-70194 <br><br> D.C. Nos. 4:19-cv-05206-JST <br> 4:19-cv-06013-JST <br> 4:19-cv-06812-JST <br> Northern District of California, Oakland <br><br> ORDER |

Before: M. SMITH, BRESS, and VANDYKE, Circuit Judges.

The petition for mandamus is granted in part. *See Bauman v. U.S. Dist. Ct.*, 557 F.2d 650, 654–55 (9th Cir. 1977) (setting forth factors for mandamus relief). It is apparent that the district court in its July 5, 2022 Order clearly erred in vacating the 2019 Rules without ruling on their legal validity. *See Louisiana v. American Rivers*, 142 S. Ct. 1347 (2022); United States' Response in Opposition, Dkt. 10, at 11 ("[T]he parties appear to agree that the district court should not have vacated the

2019 Rules without considering the merits."); *id.* at 1 ("[T]he United States agrees that the district court's judgment was erroneous, and is urging the district court to revise it accordingly.").

The district court's order of July 5, 2022 is hereby stayed pending the district court's consideration of pending Rule 59(e) motions. This order is without prejudice to petitioners seeking further relief following the district court's resolution of the Rule 59(e) motions. To the extent petitioners seek broader mandamus relief than that granted in this order, the request is denied without prejudice to petitioners seeking necessary and appropriate relief following the disposition of the pending Rule 59(e) motions.

*Wash. Cattlemen's Ass'n v. USDC-CAOAK*, No. 22-70194
VanDyke, J., concurring:

    I concur in the order as written. But I would prefer we order that this court's stay of the improper vacatur remain in place through the eventual appeal of the district court's July 5 order, or until some other action moots the improper vacatur (such as the district court granting the pending Rule 59(e) motions and rescinding its July 5 order). This would follow the Supreme Court's example in *Louisiana v. American Rivers*, 142 S. Ct. 1347, 1347 (2022) (ordering that the stay remain in effect "pending disposition of the appeal [to] … the Ninth Circuit and disposition of the petition for a writ of certiorari"). And it would ensure that the district court's improper vacatur of the 2019 Rules could not spring back into effect by "the district court's resolution of the Rule 59(e) motions" in some manner that does not correct its improper vacatur.[1]

    In short, our order as written does not eliminate the possibility of, and arguably invites, future gamesmanship. But I hope my concern is unwarranted.

---

[1] For example, under our order as written, the district court simply denying the Rule 59(e) motions will cause the improper vacatur to immediately spring back into life, and the 2019 Rules could remain unlawfully vacated during the entire pendency of the appeal to this court, which could take more than a year.

1